# EXHIBIT 1

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
2/7/2022 4:03:13 PM
Filing ID 13910046

1    Troy P. Foster #017229
2    Haley R. Carr #035804
3    **The Foster Group, PLLC**
     902 W. McDowell Road
4    Phoenix, Arizona 85007
     Tel: 602-461-7990
5    tfoster@thefosterlaw.com
6    hcarr@thefosterlaw.com
     *Attorneys for Plaintiff*
7

8              **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

9                   **IN AND FOR THE COUNTY OF MARICOPA**
10

11   Daniel Kotora, an individual,          Case No.:   **CV2022-001549**
12
                              Plaintiff,
13                                                        **COMPLAINT**
14   vs.
                                                      **(Jury Trial Demanded)**
15   Highland Cabinetry, Inc.,
16
                              Defendant.
17

18
19        For his Complaint against Defendant Highland Cabinetry ("Company" or
20   "Highland"), Plaintiff Daniel Kotora ("Plaintiff" or "Kotora") alleges as follows:
21                                  <u>Introduction</u>
22        The Company terminated Mr. Kotora, 66 years old at the time, two weeks after he
23   disclosed that he had a tumor on his lung and needed to take time off.  The Company did
24   not grant his request for leave.  The Company did not engage in discussions about an
25   accommodation.  Instead, it fired him and refused to pay him wages he had already earned.
26   And it promptly replaced him with someone much younger with far less experience.
27
28

                                        1

1    The Company's conduct is precisely what Congress intended to prohibit and

2 penalize when enacting the Americans with Disabilities Act, the Family Medical Leave

3 Act, and the Age Discrimination and Employment Act.

**Parties and Jurisdiction**

5    1.    Plaintiff Daniel Kotora is an individual residing in Maricopa County,

6          Arizona.

7    2.    At all times relevant to this Complaint, the Company was a corporation

8          authorized to conduct, and was conducting, business in Maricopa County,

9          Arizona.

10   3.    The acts and omissions forming the basis of this Complaint occurred in

11         Maricopa County, Arizona.

12   4.    The Company has 50 or more employees.

13   5.    Jurisdiction and venue are proper in this Court.

**Mr. Kotora's Employment History and Performance**

15   6.    At all times relevant to this Complaint, Kotora was an employee of

16         Defendant.

17   7.    The Company hired Mr. Kotora as its Sales Manager in March 2018.

18   8.    Mr. Kotora was a fulltime employee throughout his tenure.

19   9.    The Company hired Mr. Kotora, in part, because of his significant

20         experience in sales.

21   10.   Mr. Kotora's sales constituted approximately 35-39% of the Company's

22         gross sales.

23   11.   During Mr. Kotora's tenure, the Company expanded and grew its sales

24         significantly.

25   12.   Mr. Kotora was critical to the Company's growth and success during his

26         tenure.

27   13.   In fact, Mr. Kotora assisted the Company in areas outside of sales.

28

14.    In 2018, Mr. Kotora oversaw the selection, negotiation, and implementation of the Company's phone, internet, and security systems.

15.    Mr. Kotora obtained and purchased the Company's website domain name (www.highlandcabinetry.com) that it currently uses nationwide.

16.    After the Company's accounting department made several unsuccessful online attempts to submit its PPE application, Mr. Kotora facilitated and oversaw the successful application of the Company's PPE funds by working directly with the bank representative in person. To this end, the Company received $224,000 in PPE funds.

17.    Mr. Kotora oversaw the design, manufacture, and installation of significant visible freeway and truck signage for the Company.

18.    Mr. Kotora supervised the Company's process in successfully obtaining its KCMA A161.1 Quality Certification.

19.    Mr. Kotora developed the training and procedures for onboarding large clients.

20.    Mr. Kotora negotiated a larger working space for the Company, utilizing his relationship with a neighboring business that he partnered with.

**Mr. Kotora's Illness and Termination**

21.    After suffering from various symptoms, Mr. Kotora went to his doctor in August and September of 2021.

22.    On September 3, 2021, Mr. Kotora informed the Company that he had a tumor on his lung.

23.    In fact, at that time, Mr. Kotora presented the Company with medical records about the condition.

24.    On September 3, 2021, Mr. Kotora informed the Company that he would need treatment.

25. At around the same time, Mr. Kotora presented the Company with a work plan such that he could take time off to deal with his health but ensure that work was being completed.

26. After the disclosure, the Company did not provide nor offer Mr. Kotora time off.

27. After the disclosure, the Company did not engage with Mr. Kotora about possible accommodations.

28. Instead, the Company terminated Mr. Kotora's employment two weeks after the disclosure of his serious medical condition.

29. During the termination meeting, Mr. Kotora was presented with reasons that are demonstrably false.

**Earnings and Late/Inadequate Payments**

30. During his employment, Mr. Kotora earned approximately $850,000 each year.

31. At his termination, the Company executed a document to provide Mr. Kotora $20,000 per month for five months.

32. These payments represented significantly less than Mr. Kotora's compensation with the Company.

33. The Company failed to pay the monthly payments completely and/or in a timely manner.

34. At his termination, Mr. Kotora had earned and was entitled to approximately $18,000 in commissions.

35. The Company failed to pay these commissions.

36. At his termination, Mr. Kotora was entitled to approximately $1,250 in unpaid salary.

37. The Company failed to pay these wages.

38. The Company had no good-faith basis for withholding the earned commissions or the salary.

**Legal Claims**[1]

**Count One:  Family Medical Leave Act (Interference)**

39.    The Company is a covered employer under the statute.

40.    At the time of his illness, Mr. Kotora had been employed with the Defendant for more than a year.

41.    At the time of his illness, Mr. Kotora had worked more than 1250 hours in the previous year.

42.    Mr. Kotora suffered from a serious medical condition in September of 2021.

43.    As such, Mr. Kotora was a qualified employee under the statute.

44.    The Company interfered with and denied Mr. Kotora's right to take statutorily-protected leave under the FMLA.

45.    The Company's actions were intentional.

46.    The Company's actions damaged Mr. Kotora.

47.    Mr. Kotora is entitled to back pay, front pay, consequential damages, liquidated damages, and attorneys' fees and costs.

**Count Two:  FMLA Retaliation**

48.    Mr. Kotora reincorporates all allegations in paragraphs 1-47, as well as the Introduction, as if fully set forth here.

49.    Within two weeks of information the Company of his serious medical condition and need for leave, the Company terminated Mr. Kotora.

50.    In terminated his employment, the Company retaliated against Mr. Kotora for requesting statutorily-protected leave under the FMLA.

51.    The Company's actions were intentional.

52.    The Company's unlawful actions damaged Mr. Kotora.

53.    Mr. Kotora is entitled to back pay, front pay, consequential damages, liquidated damages, and attorneys' fees and costs.

---

[1] Mr. Kotora has additional claims pursuant to the ADA and ADEA.  He has filed a Charge of Discrimination with the EEOC and will move to amend this Complaint to add those claims once he receives his Notice of Right to Sue.

1

**Count Three:  Violations of Arizona Wage Laws**

2      54.    Mr. Kotora reincorporates all allegations in paragraphs 1-53, as well as the

3             Introduction, as if fully set forth here.

4      55.    Mr. Kotora was an employee pursuant to Arizona wage laws.

5      56.    The Company was an employer pursuant to Arizona wage laws.

6      57.    The Company owed, and still owes, Mr. Kotora earned commissions in the

7             amount of $18,000.

8      58.    The Company owed, and still owes, Mr. Kotora unpaid and earned salary in

9             the amount of $1,250.

10     59.    The Company has failed to pay Mr. Kotora these wages.

11     60.    The Company has no good-faith basis for its failure to pay Mr. Kotora.

12     61.    As such, Mr. Kotora is entitled to the base wages and treble damages in the

13            amount of $57,750.

14     62.    Mr. Kotora is also entitled to his attorneys' fees and costs.

15

**Count Four:  Breach of Contract**

16     63.    Mr. Kotora reincorporates all allegations in paragraphs 1-62, as well as the

17            Introduction, as if fully set forth here.

18     64.    The Company executed a post-employment agreement with Mr. Kotora on

19            or around September 17, 2021.

20     65.    The Company's representative signed the agreement on its behalf.

21     66.    The agreement obligates the Company to pay Mr. Kotora $20,000 per month

22            in exchange for the restrictive covenants.

23     67.    Mr. Kotora has abided by the terms of the agreement.

24     68.    The Company has made partial payments pursuant to the agreement.

25     69.    However, the Company has failed to make complete and/or prompt

26            payments, as outlined in the agreement.

27     70.    The Company has breached its duty to Mr. Kotora.

28     71.    Mr. Kotora is entitled to payments pursuant to the agreement.

1    72.    Mr. Kotora is entitled to his attorneys' fees and costs pursuant to the

2        agreement and Arizona law.

3                        **CONCLUSION**

4    **THEREFORE**, Mr. Kotora respectfully requests the following relief:

5    A.  A judgment in his favor against the Defendant;

6    B.  An award of back pay and compensatory damages;

7    C.  Liquidated, punitive, and treble damages;

8    D.  Pre- and post-judgment interest on award;

9    E.  Reasonable attorneys' fees and costs; and

10    F.  All other appropriate equitable relief.

13            **DATED** this 7th day of February, 2022.

                        **The Foster Group**

16                         /s/ Troy P. Foster
                        Troy P. Foster
17                        Haley R. Carr
                        902 W. McDowell Road
18                        Phoenix, Arizona 85007
19                        *Counsel for Plaintiff*

# EXHIBIT 2

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
2/7/2022 4:03:13 PM
Filing ID 13910049

Person/Attorney Filing: Troy Foster
Mailing Address: 902 W Mcdowell Rd
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: tfoster@thefosterlaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017229, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Daniel Kotora
Plaintiff(s),
v.
Highland Cabinetry, Inc.
Defendant(s).

Case No.  **CV2022-001549**

**SUMMONS**

To: Highland Cabinetry, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *February 07, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

# EXHIBIT 3

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
2/7/2022 4:03:13 PM
Filing ID 13910048

Person/Attorney Filing: Troy Foster
Mailing Address: 902 W Mcdowell Rd
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: tfoster@thefosterlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017229, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

Daniel Kotora
Plaintiff(s),

v.

Highland Cabinetry, Inc.
Defendant(s).

Case No. **CV2022-001549**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Troy Foster /s/
Plaintiff/Attorney for Plaintiff

# EXHIBIT 4

IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

**Daniel Kotora, an individual,**

*Plaintiff(s) / Petitioner(s)*

v.                                                                Case No.: CV2022-001549

**Highland Cabinetry, Inc.,**

*Defendant(s) / Respondent(s)*

## **CERTIFICATE OF SERVICE BY PRIVATE PROCESS SERVER**

I, Zeb Masowdi, being duly sworn, state:

I am an Arizona private process server in good standing, Registered with Maricopa County Superior Court, #MC-8173. I am 21 years or older and not a party to this action.

I served the following documents on Highland Cabinetry, Inc. in Maricopa County, AZ on February 18, 2022 at 12:20 pm at Integrated Accounting Services, LLC, 1515 E Missouri Ave, 203, Phoenix, AZ 85014 by leaving the following documents with Michael Warren who as Statutory Agent is authorized by appointment or by law to receive service of process for Highland Cabinetry, Inc. .

SUMMONS;
COMPLAINT (Jury Trial Demanded);
CERTIFICATE OF COMPULSORY ARBITRATION.

Additional Description:
Served statutory agent.

White Male, est. age 50, glasses: N, Brown hair, 200 lbs to 220 lbs, 5' 9" to 6'.
Geolocation of Serve: http://maps.google.com/maps?q=33.51579186,-112.04915249
Photograph: See Exhibit 1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in __Maricopa County__,
__AZ__ on __2/24/2022__.

/s/ *Zeb Masowdi*
_____
Signature
Zeb Masowdi
(602) 396-9252

# Exhibit 1



Exhibit 1a)

# EXHIBIT 5



Select Language
Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | | |
|---|---|---|---|---|
| Case Number: | CV2022-001549 | | Judge: | Cooper, Katherine |
| File Date: | 2/7/2022 | | Location: | Downtown |
| Case Type: | Civil | | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Daniel Kotora | Plaintiff | Male | Troy Foster |
| Highland Cabinetry Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 2/24/2022 | AFS - Affidavit Of Service | 2/28/2022 | |
| **NOTE:** Certificate of Service by Private Process server - HIGHLAND CABINETRY INC | | | |
| 2/7/2022 | COM - Complaint | 2/8/2022 | |
| **NOTE:** Complaint | | | |
| 2/7/2022 | CSH - Coversheet | 2/8/2022 | |
| **NOTE:** Civil Cover Sheet | | | |
| 2/7/2022 | CCN - Cert Arbitration - Not Subject | 2/8/2022 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 2/7/2022 | SUM - Summons | 2/8/2022 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

# EXHIBIT 6

1  Pavneet Singh Uppal, SBN 016805
2  Kris Leonhardt, SBN 026401
   FISHER & PHILLIPS LLP
3  3200 N. Central Avenue, Suite 1550
   Phoenix, Arizona 85012-2487
4  Telephone: (602) 281-3400
5  Fax: (602) 281-3401
   puppal@fisherphillips.com
6  kleonhardt@fisherphillips.com
7  Attorneys for Defendant

8           IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

9              IN AND FOR THE COUNTY OF MARICOPA

10

11  Daniel Kotora, an individual,            Case No.:  CV2022-001549

12              Plaintiff,                    **NOTICE OF REMOVAL OF
                                              ACTION TO THE UNITED STATES
13       v.                                   DISTRICT COURT, DISTRICT OF
                                              ARIZONA**
14  Highland Cabinetry, Inc.,

15              Defendant.

16

17

18  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19       **PLEASE TAKE** NOTICE that on March 21, 2022, Highland Cabinetry, Inc., by

20  and through its undersigned counsel, filed a Notice of Removal of this Action from the

21  Superior Court of Arizona, County of Maricopa, to the United States District Court,

22  District of Arizona.  A true and correct copy of the Notice of Removal of Action is attached

23  hereto as **Exhibit A**.

24

25

26

27

28

*FISHER & PHILLIPS LLP*
*3200 N. Central Avenue, Suite 1550*
*Phoenix, Arizona 85012-2487*
*(602) 281-3400*

DATED this 21st day of March 2022.

FISHER & PHILLIPS LLP

By /s/ Pavneet Singh Uppal
    Pavneet Singh Uppal
    Kris Leonhardt
    3200 N. Central Avenue, Suite 1550
    Phoenix, Arizona 85012-2487
    Attorneys for Defendant

FISHER & PHILLIPS LLP
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

2

FP 43532795.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2022, I electronically transmitted the attached document to the Clerk's Office using TurboCourt for filing, and I hereby certify that a copy of the foregoing document was served through TurboCourt and via U.S. Mail, postage prepaid, on the following:

Troy P. Foster
Haley R. Carr
THE FOSTER GROUP, PLLC
902 W. McDowell Road
Phoenix, Arizona 85007
tfoster@thefosterlaw.com
hcarr@thefosterlaw.com
Attorneys for Plaintiff


/s/ Christine Logan

**FISHER & PHILLIPS LLP**
3200 N. Central Avenue, Suite 1550
Phoenix, Arizona 85012-2487
(602) 281-3400

3

FP 43532795.1